OPINION *Page 2 
{¶ 1} Appellant, Gary Sampsel, appeals from the August 14, 2006 Judgment Entry and the October 6, 2006 Journal Entry of the Mount Vernon Municipal Court terminating appellant's tenancy at the Orchard Trailer Park.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellee, Marty May, is the owner of Orchard Trailer Park, a mobile home park located in Knox County, Ohio. Appellant owns a mobile home, and in 1996 appellant began renting Lot 20 from Appellee.
 {¶ 3} On March 29, 2005, appellee sent a letter to appellant acknowledging appellant's attempt to repair his mobile home. The letter further requested that appellant place items outside the home in storage.
 {¶ 4} On April 4, 2005, appellant sent a letter to appellee requesting assistance with a tree limb which was causing damage to his home. Appellee did not respond. Instead, appellee sent appellant another letter requesting that all outside items, other than grills and trash cans, be put in storage by March 31, 2006.
 {¶ 5} On March 30, 2006, appellant sent a similar letter again requesting assistance with a tree limb.
 {¶ 6} In April, 2006, appellant's lot rent was $185.00 per month.
 {¶ 7} On April 4, 2006, appellee terminated appellant's month-to-month tenancy via letter. Appellee returned appellant's April rent and told appellant he was not obligated to pay for April or May. Further, appellee requested that appellant remove his mobile home from the trailer park by June, 2006.
 {¶ 8} Appellant re-sent the April rent and also included the rent for May. *Page 3 
 {¶ 9} Appellant subsequently sent rent in for June, July and August 2006, however, appellee did not cash the checks nor return them.
 {¶ 10} On June 1, 2006, appellee served appellant with a notice to leave premises. Appellant did not leave.
 {¶ 11} On July 7, 2006, Appellee served complaint and summons to Appellant and a trial was held on August 7, 2006 in the Mt. Vernon Municipal Court.
 {¶ 12} On August 14, 2006, the trial court issued a Judgment Entry evicting appellant from the trailer park.
 {¶ 13} On October 6, 2006, the trial court issued Findings of Fact and Conclusions of Law. Appellant appeals and raises the following assignments of error:
 ASSIGNMENTS OF ERROR {¶ 14} "I. THE TRIAL COURT ERRED IN EVICTING APPELLANT FROM THE MANUFACTURED HOME PARK.
 {¶ 15} "II. THE TRIAL COURT ERRED BY NOT DISMISSING THE PETITION BASED ON APPELLANT'S EQUITY DEFENSE.
 {¶ 16} "III. THE TRIAL COURT ERRED IN FINDING THAT R.C. 3733.11(A) VIOLATES THE OHIO CONSTITUTION."
 I. {¶ 17} In his first assignment of error, appellant argues that the trial court erred in evicting him from the manufactured home park.
 {¶ 18} Appellants correctly state that R.C. Chapter 3733 governs the relationship between a manufactured park owner and their tenants and not R.C. Chapter 5321. Schwartz v. McAtee (1986), 22 Ohio St.3d 14, 488
N.E.2d 479. *Page 4 
 {¶ 19} This Court previously held in Courts v. Buckeye Lake EstatesMobile Home Park, Licking App. No 01-CA-00121, 2002-Ohio-2889:
 {¶ 20} "The two chapters are essentially identical but for the omission of a parallel statute in R.C. Chapter 3733 providing for termination of periodic tenancies as embodied in R.C. 5321.17. The reason for the omission is the recognition by the legislature that today's `mobile' homes have, by nature, become `immobile' (citation omitted)."
 {¶ 21} In the forcible entry and detainer action, appellee alleged that appellant had: (1) failed to abate a public nuisance and hazard on his lot; (2) failed to abide by park rules and (3) failed to timely pay rent for April and May.
 {¶ 22} In his answer, appellant asserted as an affirmative defense that appellee had failed to provide proper R.C. 3733.13 notice to cure any alleged violations of park rules or health and safety codes. The trial court did not address this issue in the Findings of Fact and Conclusions of Law, dated October 6, 2006. Instead, trial court appears to have applied R.C. 5321.17 (termination of periodic tenancies) as reflected in the Conclusions of Law, which state in relevant part:
 {¶ 23} "4. A landlord can terminate a month to month tenancy by giving the tenant a minimum of 30 day notice of the intent to terminate the tenancy.
 {¶ 24} "5. The Plaintiff notified the Defendant that she was terminating the month to month tenancy and gave him more than 30 days notice of her intentions.
 {¶ 25} "6. The Defendant's lawful tenancy terminated on June 1, 2006.
 {¶ 26} "7. The Plaintiff is entitled to possession of the premises occupied by the Defendant." *Page 5 
 {¶ 27} Revised Code § 3722.091 instructs a manufactured home park owner when a tenant may be evicted.
 {¶ 28} "Notwithstanding section 3733.09 of the Revised Code, a park operator may bring an action under Chapter 1923. of the Revised Code for possession of the premises if any of the following applies:
 {¶ 29} "(1) The resident is in default in the payment of rent.
 {¶ 30} "(2) The violation of the applicable building, housing, health, or safety code that the resident complained of was primarily caused by any act or lack of reasonable care by the resident, by any other person in the resident's household, or by anyone on the premises with the consent of the resident.
 {¶ 31} "(3) The resident is holding over the resident's term.
 {¶ 32} "(4) The resident is in violation of rules of the public health council adopted pursuant to section 3733.02 of the Revised Code or rules of the manufactured home park adopted pursuant to the rules of the public health council.
 {¶ 33} "(5) The resident has been absent from the manufactured home park for a period of thirty consecutive days prior to the commencement of the action, and the resident's manufactured home, mobile home, or recreational vehicle parked in the manufactured home park has been left unoccupied for that thirty-day period, without notice to the park operator and without payment of rent due under the rental agreement.
 {¶ 34} "* * * (B) The maintenance of an action by the park operator under this section does not prevent the resident from recovering damages for any violation by the park operator of the rental agreement or of section3733.10 of the Revised Code." *Page 6 
 {¶ 35} Thus, a mobile home park owner must establish one of the grounds for eviction of a tenant under R.C. 3733.091 (1) through (5). The trial court did not apply R.C. 3733.091 or make any findings that appellee had produced sufficient evidence as to any of the grounds for eviction set forth in the statute. The trial court simply treated appellant's tenancy as month-to-month, which could be terminated at-will by the landlord upon giving thirty (30) days notice and without fault of the tenant. At oral argument, counsel for appellee conceded the trial court did not apply the correct statute. In fact, appellee had filed to dismiss the underlying action, however, the trial court lacked jurisdiction due to this pending appeal.
 {¶ 36} Appellant's Assignment of Error I is sustained.
 {¶ 37} Assignments of Error II and III are rendered moot.
 {¶ 38} Accordingly, the decision of the Mount Vernon Municipal Court is reversed and remanded for further proceedings.
 By: Delaney, J. Wise, P.J. and Edwards, J. concur. *Page 7 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Mount Vernon Municipal Court is reversed and remanded. Costs assessed to appellee *Page 1